$AC$

**FILED**

NOV X 9 2007

NOV X 9 2007

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

## IN THE UNITED STATES DISTRICT COURT J·N
### FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| **LARRY MOORE** ) | |
| ) | |
| **Plaintiff,** ) | 07cv6386 |
| ) | JUDGE NORGLE |
| **v.** ) | MAG. JUDGE ASHMAN |
| ) | |
| **UNION PACIFIC RAILROAD COMPANY,** ) | |
| ) | |
| **Defendant.** ) | **JURY TRIAL DEMANDED** |

### COMPLAINT

**NOW COMES** the Plaintiff, **LARRY MOORE**, by and through his attorney, John S. Bishof,

Jr. of the Law Office of John Bishof, PC, and for his Complaint against the Defendant, **UNION**

**PACIFIC RAILROAD COMPANY**, states unto this Honorable Court as follows:

### JURISDICTION AND VENUE

1.      This is a civil action arising under the laws of the United States and is brought

pursuant to which incorporates by reference the Civil Rights Act of 1964, as amended, 42 U.S.C.

§2000e *et seq*, and Title I of the Civil Rights Act of 1991, to correct unlawful employment

practices on the basis of race, to provide appropriate relief to classes of employees who were

adversely affected by such practices.

2.      This Court has jurisdiction of the claims pursuant to 28 U.S.C. §§ 1331, 1343.

3.      Venue is proper in this district pursuant to 28 U.S.C.A. § 1391(b) and 42

U.S.C.A. § 2000e-5(f)(1) and (3) and § 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

4.      The employment practices hereafter alleged to be unlawful were being committed

within the jurisdiction of the United States District Court for the Northern District of Illinois,

1

Eastern Division.

## PARTIES

5.     Plaintiff, **Larry Moore**, is now, and at all times relevant hereto, a citizen of the State of Illinois and resident of this District in the County of Cook.

6.     Defendant, **Union Pacific Railroad Company (hereinafter "UP")**, is now, and at all times relevant hereto, a corporation duly organized and existing according to law engaged in business as a common carrier by rail in interstate commerce. The **UP's** principal place of business is located in Omaha, Nebraska. **UP**, at all relevant times, does business as a common carrier by rail in counties of this District to include the County of Cook. The **UP**, also, owns, operates and controls many miles of track, rail yards and related facilities throughout the County of Cook, State of Illinois. **UP** is and was an employer under Section 701(b) of Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000e(b)). For purposes of the Civil Rights Act of 1991 (42 U.S.C. 1981a), **UP** is an employer who employs in excess of fifteen (15) employees.

7.     At all times relevant hereto, Plaintiff, **Larry Moore**, was employed by Defendant, **UP**, as Director of Transportation, and plaintiff and defendant were engaged in work in furtherance of interstate commerce.

## ADMINISTRATIVE REQUIREMENTS

8.     On or about February 20, 2007, Plaintiff filed charges of Discrimination against Defendant with the Equal Employment Opportunity Commission ("EEOC"), Charge No. 440-2007-03204 ("Exhibit A").

9.     Plaintiff's Charge of Discrimination was timely filed after the alleged unlawful employment practice occurred. Thus, Plaintiff has satisfied all administrative prerequisites.

2

10.    Plaintiff received the right to sue letter from the EEOC on or after September 7, 2007. Said right to sue letter is attached hereto as "Exhibit B". This case is filed within ninety (90) days of receipt of said right to sue letter.

## BACKGROUND

11.    Plaintiff began his employment with defendant on or about June 12, 1970 and ascended through the ranks to the position of Director of Transportation.

12.    As Director of Transportation, Plaintiff had the authority to grant safety awards.

13.    Plaintiff, as Director Transportation, purchased memberships in the Black Employee Network (hereinafter "BEN") as safety awards for fourteen (14) UP employees in March 2005 and for thirty-one (31) UP employees in January 2006, totaling $2,610.00

14.    Plaintiff directed the Manager of Administration and Purchasing, a Caucasian female, to make payment for said safety awards.

15.    The funds be used for the purchase of the BEN memberships in March 2005 and January 2006 were from the Ogilvie working fund, a UP commuter operations management pooled fund of collections from conductors for unauthorized use of their cell phones. The Ogilvie working fund was not recorded in UP's general ledger.

16.    Said Manager of Administration and Purchasing initiated the use of the Ogilvie working fund for purchase of the fourteen (14) BEN memberships.

17.    Plaintiff never instructed the said manager from which funds she should withdraw for payment for the safety awards.

18.    Plaintiff did not initiate using the Ogilvie working fund and was never instructed or warned not to use the Ogilvie working fund for purchase of safety awards.

3

19.    UP senior management requested an audit by the in-house audit division of the funds used for the BEN memberships Plaintiff distributed.

20.    On July 7, 2006, Plaintiff received a Level 2 Letter of Reprimand for misuse of company working funds regarding his purchase of the BEN memberships as safety awards.

21.    This letter of reprimand was Plaintiff's only notice of any problems or irregularities of the purchase of said awards.

22.    Based solely on Plaintiff's receipt of the Level 2 Reprimand, Plaintiff was demoted to Senior Manager of Terminal Operations, effective July 1, 2006, and removed from UP's merit achievement and management incentive programs (hereinafter "MIP/MAP program" for 2006-2007.

23.    Defendant failed to make any inquiry regarding Plaintiff's alleged misuse of company working funds.

## VIOLATION OF 42 USC §2000e-2 BASED ON RACE

24.    That on July 7, 2006, plaintiff received a letter from defendant demoting plaintiff based on his race effective July 1, 2006.

25.    The plaintiff's race is African American.

26.    Other discrepancies regarding the use of funds were also suggested in the record keeping of Commuter Operations for safety awards that had been disbursed by Caucasian, UP employees, similarly situated to Plaintiff.

27.    Other audits by Defendant's in-house audit division revealed the following:

a.    the Director of Commuter Operations Mechanical (Caucasian male) approved $18,495.00 of American Express Gift Cheques but no logs of the employees who received these awards were kept;

4

b.      the Retired Director of Track Maintenance (Caucasian male) approved $18,670.80 of desk clocks, but no logs of the employees who received these awards were kept;

c.      the Retired Director of Administration (Caucasian male) approved $34,582.44 of inventory from On Time Promotions which was not accounted for;

d.      the Director of Commuter Operations Locomotive (Caucasian male) approved $71,164.00 of American Express Gift Cheques, which the purchaser tracking logs had been discarded; $1,611.01 to the Crystal Woods Golf Club, which attendance records were not kept for the safety meetings; and $8,217.77 in On Time Promotions inventory, which no logs were kept of the employees who received these awards; and

e.      the Director of Commuter Operations Carrier (Caucasian male) approved $110,792.50 of American Express Gift Cheques without utilizing the Purchaser Tracker Log, and $14,653.50 of Sears Gift Cards, which no logs were kept of the employees who received these awards.

28.     Defendant's conduct in summarily demoting plaintiff without any inquiry and not demoting other similarly situated employees, who were Caucasian, was discriminatory and in violation of plaintiff's civil rights.

29.     Upon information and belief, the unlawful discriminatory practices by Defendant, as set forth above, were intentional.

30.     Defendant, at all relevant times, acted with malice or reckless indifference to the federally protected rights of Plaintiff in violation of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq*, and the Civil Rights Act of 1991.

31.     That the aforesaid acts by the Defendant have intentionally discriminated against

5

Plaintiff because of his race by:

    a.      Assessing a penalty to Plaintiff and not to a similarly situated Caucasian female for allegedly violating the Business Conduct and Ethics Policy for use of funds from the Ogilive working fund;

    b.      Assessing a penalty to Plaintiff and not to similarly situated Caucasian males for facially apparent misuse of funds; and

    c.      Assessing a penalty to Plaintiff without making any inquiry regarding the said allegations made against him.

32.     As a direct and proximate result of Defendant's violation of Title VII, Plaintiff has lost and will continue to lose income, including but not limited to wages, raises, insurance and other employment benefits.  Plaintiff has also suffered emotional distress, as well as disruption of his personal life and damage to his employment reputation.

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against Defendant for recovery of reasonable damages in an amount greater than Seventy-Five Thousand Dollars ($75,000.00), together with interest thereon, as well as such other damages as may be proven at the time of trial, including but not necessarily limited to, actual, consequential and punitive damages, attorneys fees and cost, and such other and further relief as this Court may deem appropriate.

Respectfully submitted,

John S. Bishof, Jr., #0213926
Law Office of John Bishof P.C
77 West Washington St., Suite 1910
Chicago, IL 60602
Ph: 312-630-2048  Fax: 312-630-2085

EEOC Form 5 (5/01)

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974. See enclosed Privacy Act
Statement and other information before completing this form.

| Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|
| ☐ FEPA | |
| ☒ EEOC | 440-2007-03204 |

| Illinois Department Of Human Rights | and EEOC |
|---|---|
| State or local Agency, if any | |

| Name (indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| **Larry Moore** | **(312) 523-5079** | **04-06-1952** |

| Street Address | City, State and ZIP Code |
|---|---|
| **885 N. Hermitage Ave. Apt 3, Chicago, IL 60622** | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe
Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| **UNION PACIFIC RAILROAD** | **500 or More** | **(312) 496-4750** |

| Street Address | City, State and ZIP Code |
|---|---|
| **500 W Madison,  Chicago, IL 60606** | |

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

DISCRIMINATION BASED ON (Check appropriate box(es).)

☒ RACE   ☐ COLOR   ☐ SEX   ☐ RELIGION   ☐ NATIONAL ORIGIN

☐ RETALIATION   ☐ AGE   ☐ DISABILITY   ☐ OTHER (Specify below.)

| DATE(S) DISCRIMINATION TOOK PLACE | |
|---|---|
| Earliest | Latest |
| **07-01-2006** | **07-01-2006** |

☐ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I began my employment with Respondent on or about June 12, 1970.  On or about July 7, 2006, I received a
letter of discipline and was demoted to Senior Manager Terminal Operations effective July 1, 2006.  The reason
given was misuse of company working funds.  No investigation or disciplinary action was taken against similarly
situated non-Black employees that engaged in apparent misuse of company working funds.

I believe that I have been discriminated against because of my race, Black, in violation of Title VII of the Civil
Rights Act of 1964, as amended.

RECEIVED EEOC

FEB 2 0 2007

CHICAGO DISTRICT OFC

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |
| **Feb 20, 2007**          *Larry Moore*<br>Date                    Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year) |

EXHIBIT A

EEOC Form 161 (3/98)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### DISMISSAL AND NOTICE OF RIGHTS

To:     **Larry Moore**
        **885 N. Hermitage Ave. Apt 3**
        **Chicago, IL 60622**

        **CERTIFIED MAIL  7900 3400 0018 8815 5820**

From:   **Chicago District Office**
        **500 West Madison St**
        **Suite 2800**
        **Chicago, IL 60661**

| | | |
|---|---|---|
| ☐ | *On behalf of person(s) aggrieved whose identity is* *CONFIDENTIAL (29 CFR §1601.7(a))* | |

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **440-2007-03204** | **Jose Romo,** **Investigator** | **(312) 353-8175** |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☐ Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.

☐ While reasonable efforts were made to locate you, we were not able to do so.

☐ You were given 30 days to accept a reasonable settlement offer that affords full relief for the harm you alleged.

☒ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other (*briefly state*)

### - NOTICE OF SUIT RIGHTS -
(*See the additional information attached to this form.*)

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you.  You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court.  Your lawsuit **must be filed <u>WITHIN 90 DAYS</u> of your receipt of this notice**; or your right to sue based on this charge will be lost.  (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment.  This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

_____          9 - 7 - 07
**John P. Rowe,**                              (*Date Mailed*)
**District Director**

Enclosures(s)

cc:     **UNION PACIFIC RAILROAD**

EXHIBIT
B