IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LARRY MOORE | ) | |
| | ) | |
| Plaintiff, | ) | 07 CV 6386 |
| | ) | |
| v. | ) | Judge Norgle |
| | ) | Magistrate Judge Ashman |
| UNION PACIFIC RAILROAD COMPANY, | ) | |
| | ) | |
| Defendant. | ) | JURY TRIAL DEMANDED |

## FIRST AMENDED COMPLAINT

**NOW COMES** the Plaintiff, **LARRY MOORE**, by and through his attorney, John S. Bishof, Jr. of the Law Office of John Bishof, PC, and for his Complaint against the Defendant, **UNION PACIFIC RAILROAD COMPANY**, states unto this Honorable Court as follows:

### JURISDICTION AND VENUE

1. This is a civil action arising under the laws of the United States and is brought pursuant to Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq*, and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of race, to provide appropriate relief to classes of employees who were adversely affected by such practices.

2. This Court has jurisdiction of the claims pursuant to 28 U.S.C. §§ 1331, 1343.

3. Venue is proper in this district pursuant to 28 U.S.C.A. § 1391(b) and 42 U.S.C.A. § 2000e-5(f)(1) and (3) and §102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

4. The employment practices hereafter alleged to be unlawful were being committed within the jurisdiction of the United States District Court for the Northern District of Illinois, Eastern Division.

## PARTIES

5. Plaintiff, **Larry Moore**, is now, and at all times relevant hereto, a citizen of the State of Illinois and resident of this District in the County of Cook.

6. Defendant, **Union Pacific Railroad Company (hereinafter "UP")**, is now, and at all times relevant hereto, a corporation duly organized and existing according to law engaged in business as a common carrier by rail in interstate commerce. The **UP's** principal place of business is located in Omaha, Nebraska. **UP**, at all relevant times, does business as a common carrier by rail in counties of this District to include the County of Cook. The **UP**, also, owns, operates and controls many miles of track, rail yards and related facilities throughout the County of Cook, State of Illinois. **UP** is and was an employer under Section 701(b) of Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000e(b)). For purposes of the Civil Rights Act of 1991 (42 U.S.C. 1981a), **UP** is an employer who employs in excess of fifteen (15) employees.

7. At all times relevant hereto, Plaintiff, **Larry Moore**, was employed by Defendant, **UP**, as Director of Transportation Services and Senior Manager Terminal Operations, and plaintiff and defendant were engaged in work in furtherance of interstate commerce.

## ADMINISTRATIVE REQUIREMENTS

8. On or about February 20, 2007, Plaintiff filed charges of Discrimination against Defendant with the Equal Employment Opportunity Commission ("EEOC"), Charge No. 440-2007-03204 ("Exhibit A").

9. Plaintiff received the right to sue letter from the EEOC for charge no. 440-2007-03204 on or after September 7, 2007. Said right to sue letter is attached hereto as "Exhibit B". This

case is filed within ninety (90) days of receipt of said right to sue letter.

10. Plaintiff's Charge of Discrimination was timely filed after the alleged unlawful employment practice occurred. Thus, Plaintiff has satisfied all administrative prerequisites for charge no. 440-2007-03204.

11. On or about December 13, 2007, Plaintiff filed charges of Discrimination against Defendant with the Equal Employment Opportunity Commission ("EEOC"), Charge No 440-2008-01279 (Exhibit "C").

12. Plaintiff received the right to sue letter from the EEOC for charge no. 440-2008-01279 on or after February 12, 2008. Said right to sue letter is attached hereto as "Exhibit D". This case is filed within ninety (90) days of receipt of said right to sue letter.

13. Plaintiff's Charge of Discrimination was timely filed after the alleged unlawful employment practice occurred. Thus, Plaintiff has satisfied all administrative prerequisites for charge no. 440-2008-01279.

## BACKGROUND

14. Plaintiff began his employment with defendant on or about June 12, 1970 and ascended through the ranks to the position of Director of Transportation Services and served as the senior ranking transportation officer.

15. As the senior ranking transportation officer, Plaintiff had the authority to grant safety awards.

16. Plaintiff, in accordance with his responsibilities, purchased memberships in the Black Employee Network (hereinafter "BEN") as safety awards for fourteen (14) UP employees in March 2005 and for thirty-one (31) UP employees in January 2006, totaling $2,610.00

17. Plaintiff directed the Manager of Administration and Purchasing, a Caucasian female, to make payment for said safety awards.

18. The funds used for the purchase of the BEN memberships in March 2005 and January 2006 were from the Ogilvie working fund, a UP commuter operations management pooled fund of collections from conductors for unauthorized use of their cell phones. The Ogilvie working fund was not recorded in UP's general ledger.

19. Said Manager of Administration and Purchasing initiated the use of the Ogilvie working fund for purchase of the fourteen (14) BEN memberships.

20. Plaintiff never instructed the said manager from which funds she should withdraw for payment of the safety awards.

21. Plaintiff did not initiate using the Ogilvie working fund and was never instructed or warned not to use the Ogilvie working fund for purchase of safety awards.

22. UP senior management requested an audit by the in-house audit division of the funds used for the BEN memberships Plaintiff distributed.

23. On July 7, 2006, Plaintiff received a Level 2 Letter of Reprimand for misuse of company working funds regarding his purchase of the BEN memberships as safety awards.

24. This letter of reprimand was Plaintiff's only notice of any problems or irregularities of the purchase of said awards.

25. Based solely on Plaintiff's receipt of the Level 2 Reprimand, Plaintiff was demoted to Senior Manager of Terminal Operations, effective July 1, 2006, and removed from UP's merit achievement and management incentive programs (hereinafter "MIP/MAP program" for 2006-2007.

26. Plaintiff's demotion did not decrease plaintiff's job responsibilities or the staff he managed and Plaintiff still served as the senior ranking transportation officer, but plaintiff's salary and benefits were severely hindered.

27. Defendant failed to make any inquiry regarding Plaintiff's alleged misuse of company working funds.

28. More severe discrepancies in use of funds were committed by Caucasian employees that were similarly situated to plaintiff. None of these employees were demoted or disciplined.

29. Audits by defendant's in-house audit division revealed the following:

   a. the Director of Commuter Operations Mechanical (Caucasian male) approved $18,495.00 of American Express Gift Cheques but no logs of the employees who received these awards were kept;

   b. the Retired Director of Track Maintenance (Caucasian male) approved $18,670.80 of desk clocks, but no logs of the employees who received these awards were kept;

   c. the Retired Director of Administration (Caucasian male) approved $34,582.44 of inventory from On Time Promotions which was not accounted for;

   d. the Director of Commuter Operations Locomotive (Caucasian male) approved $71,164.00 of American Express Gift Cheques, which the purchaser tracking logs had been discarded; $1,611.01 to the Crystal Woods Golf Club, which attendance records were not kept for the safety meetings; and $8,217.77 in On Time Promotions inventory, which no logs were kept of the employees who received

these awards; and

e.  the Director of Commuter Operations Carrier (Caucasian male) approved $110,792.50 of American Express Gift Cheques without utilizing the Purchaser Tracker Log, and $14,653.50 of Sears Gift Cards, which no logs were kept of the employees who received these awards.

30. Plaintiff then filed a charge of racial discrimination with the EEOC against his employer, Union Pacific Railroad, on February 20, 2007 (Charge No. 440-2007-03204).

31. On March 1, 2007, in retaliation and an act of continuous discrimination based on race, defendant, UP, demoted plaintiff by stripping him of his senior ranking transportation officer job responsibilities, removing one half of the staff he managed, and made a less qualified, less experienced, white male the senior ranking transportation officer.

## COUNT I

**Violation of Title VII of the Civil Rights Act of 1964, as amended,**

**42 U.S.C. §2000e-2(a) and 42 U.S.C. §1981a(a)(1)**

1-31. Plaintiff reaffirms and realleges the allegations contained in Paragraph 1 through 31 above, and states further in this Count I.

32. Defendant discriminated against plaintiff and demoted plaintiff because of his race.

33. The plaintiff's race is African American.

34. Defendant's conduct in hindering plaintiff's wages and job responsibilities and summarily demoting plaintiff without any inquiry and not demoting other similarly situated employees, who were Caucasian, was discriminatory and in violation of plaintiff's civil rights.

35. Upon information and belief, the unlawful discriminatory practices by Defendant, as set forth above, were intentional.

36. Defendant, at all relevant times, acted with malice or reckless indifference to the federally protected rights of Plaintiff in violation of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq*, and the Civil Rights Act of 1991.

37. That the aforesaid acts by the Defendant have intentionally discriminated against Plaintiff because of his race by:

   a. Assessing a penalty to Plaintiff and not to a similarly situated Caucasian female for allegedly violating the Business Conduct and Ethics Policy for use of funds from the Ogilive working fund;

   b. Assessing a penalty to Plaintiff and not to similarly situated Caucasian males for facially apparent misuse of funds;

   c. Assessing a penalty to Plaintiff without making any inquiry regarding the said allegations made against him;

   d. Demoting plaintiff and hindering his wages and benefits permitted under the MIP/MAP program;

   e. Demoting plaintiff by stripping him of his senior ranking transportation officer job responsibilities and removing one half of the staff he managed; and

   f. Replacing plaintiff in the position of senior ranking transportation officer with a less qualified, less experienced, white male who had several complaints of racial discrimination against him pending.

38. As a direct and proximate result of Defendant's violation of Title VII, Plaintiff has lost

and will continue to lose income, including but not limited to wages, raises, insurance and other employment benefits. Plaintiff has also suffered emotional distress, as well as disruption of his personal life and damage to his employment reputation.

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against Defendant for recovery of reasonable damages in an amount greater than Seventy-Five Thousand Dollars ($75,000.00), together with interest thereon, as well as such other damages as may be proven at the time of trial, including but not necessarily limited to, actual, consequential and punitive damages, attorneys fees and cost, and such other and further relief as this Court may deem appropriate.

**COUNT II**
**Retaliation in Violation of Title VII of the Civil Rights Act of 1964,**
**42 U.S.C. § 2000e-3(a)**

1-38.   Plaintiff reaffirms and realleges the allegations contained in Paragraph 1 through 38 above, and states further in this Count II.

39.   Section 2000e-3(a) of Title VII prohibits, inter alia, retaliation and discrimination against any individual because that individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under the Title VII of the Civil Rights Act of 1964, as amended.

40.   Defendant retaliated against plaintiff after plaintiff filed a claim alleging discrimination with the Illinois Department of Human Rights/United States Equal Employment Opportunity Commission on February 20, 2007.

41.   Defendant retaliated on March 1, 2007 against plaintiff by:

   a.   Demoting plaintiff;

    b.   Stripping plaintiff of his job responsibilities and removing one half of the staff he managed; and

    c.   Replacing plaintiff with a less qualified, less experienced, white male who had several complaints of racial discrimination against him pending.

42.   Upon information and belief, the unlawful discriminatory practices by Defendant, as set forth above, were intentional.

43.   As a direct and proximate result of Defendant's violation of Title VII of the Civil Rights Act of 1964, as amended, Plaintiff has lost and will continue to lose income, including but not limited to wages, salary increases, insurance and other employment benefits. Plaintiff has also suffered severe emotional distress, physical illness, humiliation about the ability to support himself, as well as disruption of his personal life and damage to his employment reputation.

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against Defendant **UP** for recovery of reasonable damages in an amount greater than Seventy-Five Thousand Dollars ($75,000.00), together with interest thereon, as well as such other damages as may be proven at the time of trial, including but not necessarily limited to back pay, front pay, compensatory damages, attorneys fees and cost, and such other and further relief as this Court may deem appropriate.

Respectfully submitted,

s/ John S. Bishof, Jr

John S. Bishof, Jr., #213926
Law Office of John Bishof P.C
77 West Washington St., Suite 1910
Chicago, IL 60602
Ph: 312-630-2048  Fax: 312-630-2085

9

# PLAINTIFF'S EXHIBIT A

EEOC Form 5 (5/01)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | 440-2007-03204 |

Illinois Department Of Human Rights and EEOC
*State or local Agency, if any*

| Name (indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Larry Moore | (312) 523-5079 | 04-06-1952 |

| Street Address | City, State and ZIP Code |
|---|---|
| 885 N. Hermitage Ave. Apt 3, Chicago, IL 60622 | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| UNION PACIFIC RAILROAD | 500 or More | (312) 496-4750 |

| Street Address | City, State and ZIP Code |
|---|---|
| 500 W Madison, Chicago, IL 60606 | |

DISCRIMINATION BASED ON *(Check appropriate box(es).)*

☒ RACE ☐ COLOR ☐ SEX ☐ RELIGION ☐ NATIONAL ORIGIN
☐ RETALIATION ☐ AGE ☐ DISABILITY ☐ OTHER *(Specify below.)*

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: 07-01-2006   Latest: 07-01-2006
☐ CONTINUING ACTION

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

I began my employment with Respondent on or about June 12, 1970. On or about July 7, 2006, I received a letter of discipline and was demoted to Senior Manager Terminal Operations effective July 1, 2006. The reason given was misuse of company working funds. No investigation or disciplinary action was taken against similarly situated non-Black employees that engaged in apparent misuse of company working funds.

I believe that I have been discriminated against because of my race, Black, in violation of Title VII of the Civil Rights Act of 1964, as amended.

RECEIVED EEOC
FEB 20 2007
CHICAGO DISTRICT OFC

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

Date: Feb 20, 2007
Charging Party Signature: *Larry Moore*

NOTARY – *When necessary for State and Local Agency Requirements*

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
*(month, day, year)*

# PLAINTIFF'S EXHIBIT B

EEOC Form 161 (3/98)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Larry Moore<br>885 N. Hermitage Ave. Apt 3<br>Chicago, IL 60622<br><br>CERTIFIED MAIL 7900 3400 0018 8815 5820 | From: | Chicago District Office<br>500 West Madison St<br>Suite 2800<br>Chicago, IL 60661 |
|---|---|---|---|

[ ] On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 440-2007-03204 | Jose Romo,<br>Investigator | (312) 353-8175 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[ ] Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.

[ ] While reasonable efforts were made to locate you, we were not able to do so.

[ ] You were given 30 days to accept a reasonable settlement offer that affords full relief for the harm you alleged.

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other (briefly state)

## - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

_John P. Rowe_ 9-7-07

John P. Rowe,
**District Director**   (Date Mailed)

Enclosures(s)

cc: **UNION PACIFIC RAILROAD**

# PLAINTIFF'S EXHIBIT C

EEOC Form 5 (5/01)

| CHARGE OF DISCRIMINATION<br>This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | Charge Presented To:<br>☐ FEPA<br>☒ EEOC | Agency(ies) Charge No(s):<br>440-2008-01279 |
|---|---|---|

Illinois Department Of Human Rights **and EEOC**
*State or local Agency, if any*

| Name (indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Mr. Larry Moore | (312) 491-1516 | 04-06-1952 |

Street Address: 885 N. Hermitage Ave. Apt 3, Chicago, IL 60622

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| UNION PACIFIC RAILROAD | 500-more | (312) 496-4700 |

Street Address: 500 West Madison, Suite 3610, Chicago, IL 60661

DISCRIMINATION BASED ON (Check appropriate box(es).)
☒ RACE ☐ COLOR ☐ SEX ☐ RELIGION ☐ NATIONAL ORIGIN
☒ RETALIATION ☐ AGE ☐ DISABILITY ☐ OTHER (Specify below.)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: 03-01-2007  Latest: 12-13-2007
☒ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I began my employment with Respondent on or about June 12, 1970. My current position is Senior Manager Terminal Operations. On February 20, 2007, I filed EEOC charge # 440-2007-03204. As of the date I filed the EEOC charge I was the senior transportation officer. On or about March 1, 2007, I was replaced as the senior transportation officer by a less qualified and experienced non-Black employee who has several complaints of racial discrimination against him pending.

I believe that I have been discriminated against because of my race, Black, and retaliated against for engaging in protected activity, in violation of Title VII of the Civil Rights Act of 1964, as amended.

RECEIVED EEOC
DEC 13 2007
CHICAGO DISTRICT OFFICE

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

Dec 13, 2007 / *Larry Moore* — Charging Party Signature

NOTARY – When necessary for State and Local Agency Requirements

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year)

# PLAINTIFF'S EXHIBIT D

Case 1:07-cv-06386 Document 13 Filed 03/27/2008 Page 16 of 17

EEOC Form 161-B (3/98)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

| To: | Larry Moore<br>885 N. Hermitage Ave. Apt 3<br>Chicago, IL 60622<br><br>CERTIFIED MAIL 7099 3400 0014 4053 8245 | From: | Chicago District Office<br>500 West Madison St<br>Suite 2800<br>Chicago, IL 60661 |
|---|---|---|---|

[ ] On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 440-2008-01279 | Jose Romo,<br>Investigator | (312) 353-8175 |

(See also the additional information enclosed with this form.)

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964 and/or the Americans with Disabilities Act (ADA):** This is your Notice of Right to Sue, issued under Title VII and/or the ADA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII or the ADA **must be filed in a federal or state court WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

[ ] More than 180 days have passed since the filing of this charge.

[X] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[ ] The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

_____   2-12-08
John P. Rowe,                    (Date Mailed)
**District Director**

Enclosures(s)

cc: **UNION PACIFIC RAILROAD**