IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LARRY MOORE, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 07 C 6386 |
| | ) | |
| v. | ) | Judge Norgle |
| | ) | |
| UNION PACIFIC RAILROAD COMPANY, | ) | Magistrate Judge Ashman |
| | ) | |
| Defendant. | ) | |

## ANSWER TO FIRST AMENDED COMPLAINT

Defendant, Union Pacific Railroad Company ("UP") by its attorneys OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C., answers Larry Moore's First Amended Complaint, and states as follows:

### JURISDICTION AND VENUE

1.     This is a civil action arising under the laws of the United States and is brought pursuant to Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq*, and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of race, to provide appropriate relief to classes of employees who were adversely affected by such practices.

**ANSWER:**

Defendant admits this action purports to be one arising under the laws of the United

States and brought pursuant the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq*,

and Title I of the Civil Rights Act of 1991, to correct alleged unlawful employment practices on

the basis of race, but denies that there has been a violation of those laws and denies the

remaining allegations contained in paragraph 1.

2.     This Court has jurisdiction of the claims pursuant to 28 U.S.C. §§ 1331, 1343.

**ANSWER:**

Defendant admits this Court has jurisdiction over claims brought pursuant to the Civil Rights Acts of 1964 and 1991, but denies this court has jurisdiction over any class claims and denies any remaining allegations contained in paragraph 2.

3.      Venue is proper in this district pursuant to 28 U.S.C.A. § 1391(b) and 42 U.S.C.A. § 2000e-5(f)(1) and (3) and § 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

**ANSWER:**

Defendant admits the allegations contained in paragraph 3.

4.      The employment practices hereafter alleged to be unlawful were being committed within the jurisdiction of the United States District Court for the Northern District of Illinois, Eastern Division.

**ANSWER:**

Defendant denies that any unlawful employment practices were committed but admits that venue is proper in this court.

## PARTIES

5.      Plaintiff, **Larry Moore**, is now, and at all times relevant hereto, a citizen of the State of Illinois and resident of this District in the County of Cook.

**ANSWER:**

Upon information and belief, Defendant admits the allegations contained in paragraph 5.

6.      Defendant, **Union Pacific Railroad Company (hereinafter "UP")**, is now, and at all relevant hereto, a corporation duly organized and existing according to law engaged in business as a common carrier by rail in interstate commerce. The **UP's** principal place of business is located in Omaha, Nebraska. **UP**, at all relevant times, does business as a common carrier by rail in counties of this District to include the County of Cook. The **UP**, also, owns, operates and controls many miles of track, rail yards and related facilities throughout the County of Cook, State of Illinois. **UP** is and was an employer under Section 701(b) of Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000e(b)). For purposes of the Civil Rights Act of 1991 (42 U.S.C. 1981a), **UP** is an employer who employs in excess of fifteen (15) employees.

**ANSWER:**

Defendant admits the allegations contained in paragraph 6.

7.     At all times relevant hereto, Plaintiff, **Larry Moore**, was employed by Defendant, **UP**, as Director of Transportation and Senior Manager Terminal Operations, and plaintiff and defendant were engaged in work in furtherance of interstate commerce.

**ANSWER:**

Defendant admits Plaintiff was employed by Defendant as Director of Transportation from approximately August 16, 2003 until June 30, 2007 and since then, has been employed as Senior Manager Terminal Operations.  Defendant further admits it is engaged in work in furtherance of interstate commerce.  Defendant denies the remaining allegations contained in paragraph 7.

## ADMINISTRATIVE REQUIREMENTS

8.     On or about February 20, 2007, Plaintiff filed charges of Discrimination against Defendant with the Equal Employment Opportunity Commission ("EEOC"), Charge No. 440-2007-03204 ("Exhibit A").

**ANSWER:**

On information and belief, Defendant admits that on February 20, 2007, Plaintiff filed the charge attached to the complaint with the EEOC which is designated charge number 440-2007-03204.  Defendant denies the allegations in that charge and denies any remaining allegations contained in paragraph 8.

9.     Plaintiff received the right to sue letter from the EEOC for charge no. 440-2007-03204 on or after September 7, 2007.  Said right to sue letter is attached hereto as "Exhibit B". This case is filed within ninety (90) days of receipt of said right to sue letter.

**ANSWER:**

Defendant is without information and knowledge sufficient to form a belief as to when Plaintiff received the right to sue from the EEOC.  Defendant admits that Exhibit B to the First

Amended Complaint is a Dismissal and Notice of Rights from the U.S. Equal Employment

Opportunity Commission dated September 7, 2007 for charge number 440-2007-03204.

Defendant denies the remaining allegations contained in paragraph 9.

10.    Plaintiff's Charge of Discrimination was timely filed after the alleged unlawful
employment practice occurred.  Thus, Plaintiff has satisfied all administrative prerequisites for
charge no. 440-2007-03204.

**ANSWER:**

On information and belief, Defendant admits Plaintiff filed charge number 440-2007-

03204 within 300 days of the effective date of the demotion about which he complains in that

charge, but denies any remaining allegations contained in paragraph 10.

11.    On or about December 13, 2007, Plaintiff filed charges of Discrimination against
Defendant with the Equal Employment Opportunity Commission ("EEOC"), Charge No. 440-
2008-01279 (Exhibit "C").

**ANSWER:**

On information and belief, Defendant admits that on December 13, 2007, Plaintiff filed

the charge attached to the complaint as Exhibit C with the EEOC which is designated charge

number 440-2008-01279.   Defendant denies the allegations in that charge and denies any

remaining allegations contained in paragraph 11.

12.    Plaintiff received the right to sue letter from the EEOC for charge no. 440-2008-
01279 on or after February 12, 2008.  Said right to sue letter is attached hereto as "Exhibit D".
This case is filed within ninety (90) days of receipt of said right to sue letter.

**ANSWER:**

Defendant is without information and knowledge sufficient to form a belief as to when

Plaintiff received the right to sue from the EEOC for charge no. 440-2008-01279.  Defendant

admits that Exhibit D to the First Amended Complaint is a Notice of Right to Sue (Issued on

Request) from the U.S. Equal Employment Opportunity Commission dated February 12, 2008

for charge number 440-2008-01279.  Defendant denies the remaining allegations contained in paragraph 12.

13.    Plaintiff's Charge of Discrimination was timely filed after the alleged unlawful employment practice occurred.  Thus, Plaintiff has satisfied all administrative prerequisites for charge no. 440-2008-01279.

**ANSWER:**

Defendant denies the allegations contained in Paragraph 13.

## BACKGROUND

14.    Plaintiff began his employment with defendant on or about June 12, 1970 and ascended through the ranks to the position of Director of Transportation Services and served as the senior ranking transportation officer.

**ANSWER:**

Defendant admits Plaintiff was hired on June 12, 1970, received promotions and held

various positions with Defendant, including the position of Director of Transportation Services

which he held from approximately August 16, 2003 until his demotion on approximately June

30, 2006.  Defendant denies the remaining allegations contained in paragraph 14.

15.    As the senior ranking transportation officer, Plaintiff had the authority to grant safety awards.

**ANSWER:**

Defendant denies the allegations contained in paragraph 15.

16.    Plaintiff, in accordance with his responsibilities, purchased memberships in the Black Employee Network (hereinafter "BEN") as safety awards for fourteen (14) UP employees in March 2005 and for thirty-one (31) UP employees in January 2006, totaling $2,610.00.

**ANSWER:**

Defendant denies the allegations contained in paragraph 16.

17.    Plaintiff directed the Manager of Administration and Purchasing, a Caucasian female, to make payment for said safety awards.

**ANSWER:**

Defendant admits that Plaintiff sent Kay Bjork, a Caucasian female who held the position of Manager of Administration and Purchasing, an email dated March 23, 2005 stating, "Kay, $490. for safety reduction from 2005 vs. 2004 by 20%. $35. a piece for BEN memberships 2005," and then identified 15 individuals. Defendant further admits that via an email dated January 11, 2006, Plaintiff directed Kay Bjork, that "for safety award Transportation would like to pay for BEN membership" for 31 identified employees. Defendant denies any remaining allegations contained in paragraph 17.

18.     The funds used for the purchase of the BEN memberships in March 2005 and January 2006 were from the Ogilvie working fund, a UP commuter operations management pooled fund of collections from conductors for unauthorized use of their cell phones. The Ogilvie working fund was not recorded in UP's general ledger.

**ANSWER:**

Defendant admits the Ogilvie working fund was not recorded in UP's general ledger and on information and belief, that it was a fund of collections from conductors for unauthorized use of their cell phones. Defendant further admits that Plaintiff directed that the BEN memberships be paid out of the Ogilvie working fund. Defendant denies any remaining allegations contained in paragraph 18.

19.     Said Manager of Administration and Purchasing initiated the use of the Ogilvie working fund for purchase of the fourteen (14) BEN memberships.

**ANSWER:**

Defendant denies the allegations contained in paragraph 19.

20.     Plaintiff never instructed the said manager from which funds she should withdraw for payment of the safety awards.

**ANSWER:**

Defendant denies the allegations contained in paragraph 20.

- 6 -

21.    Plaintiff did not initiate using the Ogilvie working fund and was never instructed or warned not to use the Ogilvie working fund for purchase of safety awards.

**ANSWER:**

Defendant denies the allegations contained in paragraph 21.

22.    UP senior management requested an audit by the in-house audit division of the funds used for the BEN memberships Plaintiff distributed.

**ANSWER:**

Defendant denies the allegations contained in paragraph 22.

23.    On July 7, 2006, Plaintiff received a Level 2 Letter of Reprimand for misuse of company working funds regarding his purchase of the BEN memberships as safety awards.

**ANSWER:**

Defendant admits the allegations contained in paragraph 23.

24.    This letter of reprimand was Plaintiff's only notice of any problems or irregularities of the purchase of said awards.

**ANSWER:**

Defendant denies the allegations contained in paragraph 24.

25.    Based solely on Plaintiff's receipt of the Level 2 Reprimand, Plaintiff was demoted to Senior Manager of Terminal Operations, effective July 1, 2006, and removed from UP's merit achievement and management incentive program (hereinafter "MIP/MAP program" for 2006-2007.

**ANSWER:**

Defendant admits Plaintiff was demoted effective July 1, 2007 to the position of Senior Manager of Terminal Operations, his salary was not adjusted, and he was not included in the MIP/MAP program for 2006, as a result of the audit findings relating to Plaintiff's misuse of company working funds. Defendant denies any remaining allegations contained in paragraph 25.

26.    Plaintiff's demotion did not decrease plaintiff's job responsibilities or the staff he managed and Plaintiff still served as the senior ranking transportation officer, but plaintiff's salary and benefits were severely hindered.

**ANSWER:**

Defendant denies the allegations contained in paragraph 26.

27.    Defendant failed to make any inquiry regarding Plaintiff's alleged misuse of company working funds.

**ANSWER:**

Defendant denies the allegations contained in paragraph 27.

28.    More severe discrepancies in use of funds were committed by Caucasian employees that were similarly situated to plaintiff.  None of these employees were demoted or disciplined.

**ANSWER:**

Defendant denies the allegations contained in paragraph 28.

29.    Audits by defendant's in-house audit division revealed the following:

    a.    the Director of Commuter Operations Mechanical (Caucasian male) approved $18,495.00 of American Express Gift Cheques but no logs of the employees who received these awards were kept;

    b.    the Retired Director of Track Maintenance (Caucasian male) approved $18,670.80 of desk clocks, but no logs of the employees who received these awards were kept;

    c.    the Retired Director of Administration (Caucasian male) approved $34,582.44 of inventory from On Time Promotions which was not accounted for;

    d.    the Director of Commuter Operations Locomotive (Caucasian male) approved $71,164.00 of American Express Gift Cheques, which the purchaser tracking logs had been discarded; $1,611.01 to the Crystal Woods Golf Club, which attendance records were not kept for the safety meetings; and $8,217.77 in On Time Promotions inventory, which no logs were kept of the employees who received these awards; and

    e.    the Director of Commuter Operations Carrier (Caucasian male) approved $110,792.50 of American Express Gift Cheques without utilizing the Purchaser Tracker Log, and $14,653.50 of Sears Gift Cards, which no logs were kept of the employees who received these awards.

**ANSWER:**

Defendant denies the allegations contained in paragraph 29 and its subparagraphs.

30.    Plaintiff then filed a charge of racial discrimination with the EEOC against his employer, Union Pacific Railroad, on February 20, 2007 (Charge No. 440-2007-03204).

**ANSWER:**

On information and belief, Defendant admits that on February 20, 2007, Plaintiff filed the charge attached to the First Amended Complaint as Exhibit A with the EEOC which is designated charge number 440-2007-03204. Defendant denies the allegations in that charge and denies any remaining allegations contained in paragraph 30.

31.    On March 1, 2007, in retaliation and an act of continuous discrimination based on race, defendant, UP, demoted plaintiff by stripping him of his senior ranking transportation officer job responsibilities, removing one half of the staff he managed, and made a less qualified, less experienced, white male the senior ranking transportation officer..

**ANSWER:**

Defendant denies the allegations contained in paragraph 31.

## COUNT I
### Violation of Title VII of the Civil Rights Act of 1964, as amended,
### 42 U.S.C. §2000e-2(a) and 42 U.S.C. §1981a(a)(1)

1-31.    Plaintiff reaffirms and realleges the allegations contained in Paragraph 1 through 31 above, and states further in this Count I.

**ANSWER:**

Defendant repeats its answers to paragraphs 1-31 above, as if fully set forth herein.

32.    Defendant discriminated against plaintiff and demoted plaintiff because of his race.

**ANSWER:**

Defendant denies the allegations contained in paragraph 32.

33.    The plaintiff's race is African American.

- 9 -

**ANSWER:**

On information and belief, Defendant admits the allegations contained in paragraph 33.

34.    Defendant's conduct in hindering plaintiff's wages and job responsibilities and summarily demoting plaintiff without any inquiry and not demoting other similarly situated employees, who were Caucasian, was discriminatory and in violation of plaintiff's civil rights.

**ANSWER:**

Defendant denies the allegations contained in paragraph 34.

35.    Upon information and belief, the unlawful discriminatory practices by Defendant, as set forth above, were intentional.

**ANSWER:**

Defendant denies the allegations contained in paragraph 35.

36.    Defendant, at all relevant times, acted with malice or reckless indifference to the federally protected rights of Plaintiff in violation of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq*, and the Civil Rights Act of 1991.

**ANSWER:**

Defendant denies the allegations contained in paragraph 36.

37.    That the aforesaid acts by the Defendant have intentionally discriminated against Plaintiff because of his race by:

      a.    Assessing a penalty to Plaintiff and not to a similarly situated Caucasian female for allegedly violating the Business Conduct and Ethics Policy for use of funds from the Ogilive working fund;

      b.    Assessing a penalty to Plaintiff and not to similarly situated Caucasian males for facially apparent misuse of funds;

      c.    Assessing a penalty to Plaintiff without making any inquiry regarding the said allegations made against him;

      d.    Demoting plaintiff and hindering his wages and benefits permitted under the MIP/MAP program;

      e.    Demoting plaintiff by stripping him of his senior ranking transportation officer job responsibilities and removing one half of the staff he managed; and

- 10 -

       f.      Replacing plaintiff in the position of senior ranking transportation officer with a less qualified, less experienced, white male who had several complaints of racial discrimination against him pending.

**ANSWER:**

Defendant denies the allegations contained in paragraph 37 and its subparagraphs.

38.     As a direct and proximate result of Defendant's violation of Title VII, Plaintiff has lost and will continue to lose income, including but not limited to wages, raises, insurance and other employment benefits. Plaintiff has also suffered emotional distress as well as disruption of his personal life and damage to his employment reputation.

**ANSWER:**

Defendant denies the allegations contained in paragraph 38.

## COUNT II
### Retaliation in Violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-3(a)

1-38.  Plaintiff reaffirms and realleges the allegations contained in Paragraph 1 through 38 above, and states further in this Count II.

**ANSWER:**

Defendant repeats its answers to paragraphs 1-38 above, as if fully set forth herein.

39.     Section 2000e-3(a) of Title VII prohibits, inter alia, retaliation and discrimination against any individual because that individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under the Title VII of the Civil Rights Act of 1964, as amended.

**ANSWER:**

Defendant states that paragraph 39 states legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations.

40.     Defendant retaliated against plaintiff after plaintiff filed a claim alleging discrimination with the Illinois Department of Human Rights/United States Equal Employment Opportunity Commission on February 20, 2007.

**ANSWER:**

Defendant denies the allegations contained in paragraph 40.

41.    Defendant retaliated on March 1, 2007 against plaintiff by:

    a.    Demoting plaintiff;

    b.    Stripping plaintiff of his job responsibilities and removing one half of the staff he managed; and

    c.    Replacing plaintiff with a less qualified, less experienced, white male who had several complaints of racial discrimination against him pending.

**ANSWER:**

Defendant denies the allegations contained in paragraph 41.

42.    Upon information and belief, the unlawful discriminatory practices by Defendant, as set forth above, were intentional.

**ANSWER:**

Defendant denies the allegations contained in paragraph 42.

43.    As a direct and proximate result of Defendant's violation of Title VII of the Civil Rights Act of 1964, as amended, Plaintiff has lost and will continue to lose income, including but not limited to wages, salary increases, insurance and other employment benefits.  Plaintiff has also suffered severe emotional distress, physical illness, humiliation about the ability to support himself, as well as disruption of his personal life and damage to his employment reputation.

**ANSWER:**

Defendant denies the allegations contained in paragraph 43.

## AFFIRMATIVE DEFENSES

1.    By way of affirmative defense, all employment decisions made by Defendant concerning Plaintiff were based upon legitimate, non-discriminatory reasons.

2.    Plaintiff's claims are barred to the extent they exceed the scope of the allegations contained in his EEOC charges.

3.    Plaintiff's claim is barred by Plaintiff's failure to file a timely charge of discrimination.

4.     Even if the trier of fact were to determine that a discriminatory motive or reason played any part in the employment decisions or actions regarding the Plaintiff, which Defendant denies, such decisions or actions would have been taken in any event for legitimate, non-discriminatory, reasons.

5.     Defendant's actions concerning Plaintiff's employment were taken in the good faith belief, based upon reasonable grounds, that they did not violate any provisions of Title VII.

6.     Plaintiff has failed to state a claim against Defendant that would warrant an award of punitive damages.

7.     Plaintiff's compensatory and punitive damages claims are subject to the limitations imposed by 42 U.S.C. § 1981a(b)(3).

8.     Punitive damages may not be awarded because any actions arguably justifying punitive damages were not authorized or ratified by Defendant and were committed, if at all, outside the scope of the agency or employment of the actor; further any such conduct warranting punitive damages, which is denied, was contrary to Defendant's personnel policies, compliance efforts, and effective solutions to employee EEO concerns.

WHEREFORE, Defendant respectfully requests that the complaint be dismissed and it be awarded its attorneys fees and costs in this action.

UNION PACIFIC RAILROAD COMPANY


By: /s/ Carol A. Poplawski
                                One of Its Attorneys

Carol A. Poplawski (#6192132)
OGLETREE, DEAKINS, NASH,
  SMOAK & STEWART, P.C.
Two First National Plaza
Twenty-Fifth Floor
20 South Clark Street
Chicago, Illinois 60603-1891
(312) 558-1220


Date:  April 23, 2008

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that on this 23rd day of April, 2008, she electronically filed the foregoing **ANSWER TO FIRST AMENDED COMPLAINT** with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

> John S. Bishof, Jr.
> LAW OFFICE OF JOHN BISHOF P.C.
> 77 West Washington Street, Suite 1910
> Chicago, IL 60602

/s/ Carol A. Poplawski

6174012.1