IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LARRY MOORE, ) | |
| ) | |
|     Plaintiff, ) | Case No. 07 C 6386 |
| ) | |
| v. ) | Judge Norgle |
| ) | |
| UNION PACIFIC RAILROAD COMPANY, ) | Magistrate Judge Ashman |
| ) | |
|     Defendant. ) | |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION
TO STRIKE SECOND AND THIRD AFFIRMATIVE DEFENSES**

Defendant, Union Pacific Railroad Company ("UP"), by its attorneys OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C., hereby responds in opposition to Plaintiff's Motion to Strike Defendant's Second and Third Affirmative Defenses (hereinafter "Plaintiff's Motion to Strike") as follows:

1. As Plaintiff's Motion to Strike points out, Plaintiff's charges of discrimination underlying this action, complain of very narrow, discrete acts against Plaintiff and Plaintiff alone, *i.e.* his demotion on July 7, 2006 and his alleged second demotion and replacement on March 1, 2007. Yet, despite this fact being crystal clear to Plaintiff in Plaintiff's Motion to Strike, Plaintiff's complaint attempts to state a broader claim and one on which no charge was filed and which exceeded the scope of the charges Plaintiff did file. In this regard, the very first paragraph of Plaintiff's Amended Complaint states:

> This is a civil action arising under the laws of the United States and is brought pursuant to Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq*, and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of race, <u>to provide appropriate relief to classes of employees who were adversely affected by such practices</u>. (Emphasis added).

In light of this allegation of class-wide discrimination and the pursuit of class-wide relief, Defendant properly raised the affirmative defenses which Plaintiff now seeks to strike, namely, that "Plaintiff's claims are barred to the extent they exceed the scope of the allegations contained in his EEOC charges" and that "Plaintiff's claim is barred by Plaintiff's failure to file a timely charge of discrimination."

2. Plaintiff's Motion to Strike these affirmative defenses rests entirely on Plaintiff's claim that "because plaintiff has not alleged any claims that exceed the scope of his EEOC charges," and because "plaintiff has not alleged any claims that occurred prior to April 26, 2006, 300 days prior to plaintiff filing his initial EEOC charge" these affirmative defenses must be stricken. Plaintiff then cites *State Farm Mutual Automobile Insurance Company v. Riley*, 199 FRD 276 (N.D. Ill 2001) for the proposition that "affirmative defenses that are inconsistent with a plaintiff's allegations in his complaint must be stricken." However, as Defendant has shown above, Defendant's affirmative defenses are not inconsistent with Plaintiff's allegations in the complaint. Rather, Plaintiff needs to become more familiar with his own pleading because his Amended Complaint raises class-wide claims (albeit without any explanation or facts to support them) which are outside the scope of his EEOC charges. Moreover, because these class-wide claims are bereft of any facts, discovery may reveal that they fall outside the 300-day time period for filing a timely charge. As a result, Defendant has reserved the right in its third affirmative defense to challenge any such claims if, in fact, Plaintiff pursues them.

3. In preparing its response to Plaintiff's Amended Complaint, Defendant considered filing and briefing a motion to dismiss the class claim, but noticed that the "relief to classes of employees" language appeared in other complaints filed by Plaintiff's counsel and assumed that it appears in the Amended Complaint in this action because someone in counsel's

office neglected to revise that portion of the pleading when pirating it from another case.[1] Defendant chose, therefore, to preserve its defenses in the affirmative defenses Plaintiff now seeks to strike, to avoid the waste of judicial resources due to what may turn out to be, merely a clerical error by Plaintiff's counsel.  Defendant decided to clarify the alleged class claims through the discovery process and if the class claims are being pursued, to address them at the summary judgment stage.  Apparently, Plaintiff's counsel is not concerned with wasting judicial resources and has filed this motion to strike.  However, for the reasons advanced above, Plaintiff's motion must be denied.

WHEREFORE, Defendant respectfully requests that Plaintiff's Motion to Strike be denied and that it be awarded its reasonable attorneys fees for responding to this motion.

UNION PACIFIC RAILROAD COMPANY

By: /s/ Carol A. Poplawski
One of Its Attorneys

Carol A. Poplawski (#6192132)
OGLETREE, DEAKINS, NASH,
  SMOAK & STEWART, P.C.
Two First National Plaza
Twenty-Fifth Floor
20 South Clark Street
Chicago, Illinois 60603-1891
(312) 558-1220

Date:  May 12, 2008

---

[1] Indeed, this assumption finds some support in the instant Plaintiff's Motion to Strike.  In paragraph 12 on page 3 of Plaintiff's Motion to Strike, there is a reference to the "City of Chicago" which has no particular significance in this case.  Upon investigation, Defendant's counsel learned that Plaintiff's counsel represents the plaintiff in the case of *Adams v. City of Chicago*, Case No. 07 C 3980 which is pending here in the Northern District.  Plaintiff's counsel filed a motion to strike affirmative defenses in that case on May 8th as well.  Plaintiff's counsel must have used the *Adams* motion as the basis for the motion in this case but failed to make all of the necessary changes.

**CERTIFICATE OF SERVICE**

The undersigned attorney hereby certifies that on this 12th day of May, 2008, she electronically filed the foregoing **DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO STRIKE SECOND AND THIRD AFFIRMATIVE DEFENSES** with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

>John S. Bishof, Jr.
>LAW OFFICE OF JOHN BISHOF P.C.
>77 West Washington Street, Suite 1910
>Chicago, IL 60602

/s/ Carol A. Poplawski

6287379.1