IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LARRY MOORE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 07 C 6386 |
| | ) |
| UNION PACIFIC RAILROAD COMPANY, | ) |
| | ) |
| Defendant. | ) |

## STIPULATION FOR ENTRY OF AGREED PROTECTIVE ORDER

Plaintiff, Larry Moore, and Defendant, Union Pacific Railroad Company ("UP") by their attorneys, hereby stipulate to the entry of the attached Agreed Protective Order.

LARRY MOORE                                          UNION PACIFIC RAILROAD COMPANY

By: _____               By: _____
   One of His Attorneys                                  One of Its Attorneys

John S. Bishof, Jr.                                  Carol A. Poplawski (#6192132)
LAW OFFICE OF JOHN BISHOF P.C.                       OGLETREE, DEAKINS, NASH,
77 West Washington Street, Suite 1910                   SMOAK & STEWART, P.C.
Chicago, IL 60602                                    Two First National Plaza
                                                     Twenty-Fifth Floor
                                                     20 South Clark Street
                                                     Chicago, Illinois 60603-1891
                                                     (312) 558-1220

Date: September 10, 2008

6641135.1

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LARRY MOORE, ) | |
| ) | |
| Plaintiff, ) | Case No. 07 C 6386 |
| ) | |
| v. ) | Judge Norgle |
| ) | Magistrate Judge Ashman |
| UNION PACIFIC RAILROAD COMPANY, ) | |
| ) | |
| Defendant. ) | |

## AGREED PROTECTIVE ORDER

Upon stipulation of Plaintiff, Larry Moore, and Defendant, Union Pacific Railroad Company, and in accordance with Rule 26(c) of the Federal Rules of Civil Procedure, this Court finds that good cause exists for the entry of the following protective order with respect to the production and exchange of certain documents and information between Plaintiff and Defendant in the above-captioned litigation.

1. Definitions.

   a. The term "Source" means any individual or entity that shall have produced Confidential Material.

   b. The term "Recipient" means any individual or entity who shall have received Confidential Material.

   c. The term "Confidential Material" means:

   (1) any personal employment information regarding any current or former Union Pacific Railroad employee that is or was maintained by defendant, Union Pacific Railroad Company, including but not limited to, personal files, PeopleSoft files, performance review documents, performance development and review, total performance tracker, wage history, MIP/MAP information, and stock benefit information; and

(2) any documents relating to complaints or grievances of discrimination, including but not limited to internal complaints and records of discrimination complaints made by or against defendant's employees, maintained by defendant, Union Pacific Railroad Company.

2. <u>Scope of Disclosure of Confidential Material</u>. Except as provided elsewhere in this Protective Order, Confidential Material shall be disclosed only to Recipients who fall into the following categories:

a. parties to this litigation and their representatives, including Attorneys for parties to this action;

b. experts (as defined by Federal Rule of Civil Procedure 26(b)(4)), consultants, or persons or firms employed to provide litigation support services, who are not parties to, employees of any party to, or affiliates of any party to, this litigation, provided that such experts, consultants, persons, or firms have first read this Protective Order and agreed in writing to abide by the terms of this Protective Order;

c. any deposition witness, at the witness' deposition, provided that such witness has first read this Protective Order and agreed in writing to abide by the terms of this Protective Order. In this regard, it is understood that Defendant's managerial witnesses who may be deposed will read this Protective Order and sign Attachment 1 hereto;

d. any witness to the extent reasonably necessary to prepare that witness to testify at trial or otherwise, provided that such witness has first read this Protective Order and agreed in writing to abide by the terms of this Protective Order;

e. any potential witness to the extent reasonably necessary to determine (i) the extent of what witness' knowledge relevant to this litigation, or (ii) whether that potential witness will in fact be called to testify at trial, provided in either case that such potential witness

has first read this Protective Order and agreed in writing to abide by the terms of this Protective Order.

Any written agreement described in paragraph b, c, d or e shall take the form substantially similar to Attachment 1 hereto, and shall be delivered to counsel for Defendant prior to the disclosure of such Confidential Material to such Recipient, except that with respect to any disclosure of Confidential Material that occurred prior to the entry of this Protective Order, such written agreement shall be delivered to counsel for Defendant not later than ten (10) days after the date of entry of this Protective Order.

Notwithstanding the above, disclosures of Confidential Material may be made, without a pre-signed agreement as described above, to:

>  (i) the Court, Magistrate Judge, special master, other court personnel, and stenographic and other deposition reporters, provided that such material, if filed before the Court, redact identifying information;
>
>  (ii) commercial copying services employed by the parties for the purpose of making copies of document testimony for use in connection with this case; and
>
>  (iii) support staff of an Attorney for a party to this action.

3. <u>Disclosure Restrictions</u>. Confidential Material shall be disclosed or otherwise used only for purposes directly related to this action, and shall not be used for any other personal, business or commercial purpose. Individuals and entities permitted access to Confidential Material pursuant to paragraph (2) above and any other Recipients are hereby ordered not to show, convey or reproduce in any manner any such documents or materials, or any parts thereof, or information contained therein, or any extract or summaries thereof, to any individual or entity

who would not otherwise have access to Confidential Material under the provisions of this Protective Order.

4. <u>Marking</u>. To identify Confidential Material under this Protective Order, the Source may mark such documents as "Confidential."

5. <u>Inadvertent Production</u>. Any production of documents containing, or other disclosure of, Confidential Material without being designated as Confidential Material at the time of the production or disclosure shall not be deemed a waiver in whole or in part of a party's claim of confidentiality, either as to the specific information discussed or as to any other information relating thereto or on the same or related subject matter. The production of Confidential Material shall not be deemed a waiver of any right by a party to object to the admissibility of such document on grounds of relevancy, materiality, privilege or any other objection.

6. <u>Final Determination</u>. Upon the final determination of this action (including any appeals), each Recipient shall within 30 days of such determination return to the Source all Confidential Material, including originals and any copies. Upon mutual agreement, the parties may destroy the materials upon the final determination of this action (including any appeals) if the attorney primarily responsible for the representation of the parties certifies to opposing counsel that to the best of his or her knowledge and belief based upon reasonable requests and inquiry, all Confidential material has been destroyed. To the extent that any such documents are returned to the producing party contain the work product of attorneys, all attorney work product may be redacted therefrom. Upon the final determination of this action (including any appeals), the provisions of this Protective Order shall continue to be binding upon all counsel, the parties and their officers and employees, witnesses, and all others subject to this Protective Order.

      7.    <u>Later Orders</u>.  This Protective Order shall be subject to any subsequent order.

IT IS SO ORDERED.

Dated:_____     By the Court:

_____

6641361.1

# **Attachment 1**

To Whom It May Concern:

I have read the attached Protective Order and understand its terms, and I agree to abide by its requirements and submit to the jurisdiction of the United States District Court for the Northern District of Illinois, Eastern Division.

Dated:_____          By:_____

6641361.1